UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

WILLIAM SWANSON,           )
                           )
        Plaintiff,         )
                           )
v.                         )  No.: 15-4081-SEM-TSH
                           )
                           )
JOSEPH P. HANKINS, *et al.*,   )
                           )
        Defendants.        )

**MERIT REVIEW ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff William Swanson, proceeding pro se from his detention in the Rushville Treatment and Detention Center ("Rushville"), seeks leave to proceed in forma pauperis on his claims against Defendants for violating his rights.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

Swanson's Complaint states a claim against the individually named Defendants for violating his rights under the Americans with Disabilities Act ("ADA").  To succeed on a Title II claim under the ADA, a plaintiff must establish: (1) that he is a "qualified individual with a disability"; (2) that was denied "the benefits of services, programs, or activities of a public entity," or otherwise was discriminated against by the public entity; and (3) that such denial or discrimination was "by reason of" his disability. *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996); 42 U.S.C. § 12132. Title II's implementing regulations provide that "[a] public entity

shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7). Accordingly, discrimination can be established by evidence that the defendant refused to provide a reasonable accommodation. *Washington v. Indiana High Sch. Athletic Ass'n,* 181 F.3d 840, 847 (7th Cir. 1999); *Boston v. Dart,* 2015 WL 4638044, * 2 (N.D. Ill. Aug. 4, 2015).

Swanson alleges that he is a qualified individual with a disability in that he needs a wheelchair to traverse Rushville, and he needs an ADA-compliant room based upon his back and ankle conditions and his respiratory condition. Swanson further alleges that the individually named Defendants have denied him the use of a wheelchair and have also denied him the accommodations provided in an ADA room. Swanson has sufficiently alleged that the individually named Defendants have violated his rights under the ADA.

Swanson has not, however, alleged a claim upon which relief can be granted against the corporate Defendants: Liberty Healthcare, Inc., and Wexford Health Source. Swanson has named

these corporate Defendants because they employ some of the individually named Defendants.

However, the Seventh Circuit has explained that the doctrine of respondeat superior (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted).

"[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.  They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Chavez*, 251 F.3d at 651)).  "In short, some causal connection or affirmative link

between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Swanson has alleged no connection or link between these corporate Defendants and any alleged constitutional violation. In fact, Swanson has not alleged that these Defendants did anything at all other than employ some of the Defendants. Accordingly, Swanson's Complaint fails to state a claim against Liberty Healthcare, Inc., and Wexford Health Source.

**IT IS, THEREFORE, ORDERED:**

1.     Plaintiff's motion for leave to proceed in forma pauperis [3] is DENIED as moot because Plaintiff has paid the filing fee.

2.     Pursuant to a review of the Complaint, the Court finds that Plaintiff states a claim under the Americans with Disabilities Act against Defendants Joseph Hankins, Hughes Lochard, Shan Jumper, Sharlene Caraway, Paula Lodge, Gregg Scott, Eric Kunkel, and Kevin Winters. Any additional claim(s) shall not be included in the case except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. The Clerk of the Court is ORDERED to dismiss Defendants Liberty Healthcare, Inc., and Wexford Health Source because Plaintiff's Complaint fails to state a claim upon which relief can be granted against these Defendants.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 60 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter an Order scheduling deadlines for discovery and dispositive motions.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an Answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an Answer.  The Answer should include all defenses appropriate under the Federal Rules.  The Answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the Answer is necessary or will be considered.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

**It is further ORDERED that the Clerk is directed to: (1) show Plaintiff's motion to proceed in forma pauperis [3] DENIED as moot because he has paid the filing fee; (2) dismiss Defendants Liberty Healthcare, Inc., and Wexford Health Source; (4) attempt service on the remaining Defendants pursuant the standard procedures; and (5) set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 4th day of November, 2015:

                                        s/ Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE